UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAVI SHARMA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAFFAR HUSSAIN, et al.,<br><br>　　　　　　Defendants. | No. 2:20-cv-01154-JAM-CKD PS<br><br><br>ORDER<br><br>(ECF No. 2) |

　　　　Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

　　　　The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.

4        In order to avoid dismissal for failure to state a claim a complaint must contain more than

5   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

9   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

12  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

13  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

14  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15  U.S. 232, 236 (1974).

16       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

17  unable to determine whether the current action is frivolous or fails to state a claim for relief.

18  Plaintiff appears to allege that her husband inappropriately used plaintiff's citizenship to gain

19  immigration status.  (See ECF No. 1 at 12.)  Plaintiff's complaint names fifteen defendants but

20  fails to mention fourteen of these defendants in the factual portion of her complaint.  (Id.)  As to

21  the defendant she does mention, her husband, the factual assertions are so conclusory they fail to

22  provide any notice to defendant of what is being alleged and how he is potentially liable.  For

23  example, plaintiff, in passing, mentions torture, property damage, and threats without alleging any

24  specific, overt act.  (Id.)

25       Thus, the court determines that the complaint does not contain a short and plain statement

26  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

27  policy, a complaint must give fair notice and state the elements of the claim plainly and

28  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Additionally, plaintiff has failed to establish that the court has federal question jurisdiction in this matter. As the basis for jurisdiction, plaintiff cites to 8 U.S.C. § 1227 (deportable aliens), multiple sections of the criminal code, 2 U.S.C. § 1331 (providing certain rights to congressional employees), and the Fair Housing Act. (ECF No. 1 at 9.) A majority of the statutes cited by plaintiff, such as those contained in the criminal code, do not provide courts with jurisdiction over a plaintiff's civil complaint. This is because, generally, criminal statutes do not provide for a private cause of action nor do they generally form a basis for civil liability. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that 18 U.S.C. §§ 241, 242 do not create a private right of action). To the extent that plaintiff cites to statutes that could, potentially, form the basis of jurisdiction, such as the Fair Housing Act, plaintiff has failed to include any facts in her complaint that would allow the court to reasonably infer jurisdiction based on those statutes.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and failed to provide a basis of jurisdiction, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 23, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.1154.ifplta