UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAVI SHARMA, | No. 2:20-cv-01154-JAM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| JAFFAR HUSSAIN, et al., | (ECF No. 4) |
| Defendants. | |

    On July 24, 2020, this court granted plaintiff's request to proceed in forma pauperis, dismissed her complaint, and allowed plaintiff leave to file an amended complaint. (ECF No. 3.) After the deadline to file an amended complaint passed, the undersigned recommended that this action be dismissed for failure to prosecute; this recommendation is currently pending. (ECF No. 4.) Five days after the recommendation was filed, plaintiff filed her First Amended Complaint and a letter with the court. (ECF Nos. 5, 6.) Plaintiff also filed a motion for a 10-day extension to object to the findings and recommendations, which the court granted. (ECF Nos. 7, 8.) However, plaintiff has not filed any formal objection. For the reasons set forth below, the court WITHDRAWS the pending findings and recommendations (ECF No. 4) and dismisses plaintiff's amended complaint, but with leave to amend.

    The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

1

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Plaintiff has failed to establish that the court has subject matter jurisdiction in this action. Plaintiff cites federal question as the basis of jurisdiction in this matter; however, when asked to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case" she simply states "see attached." (ECF No. 5 at 7.) A review of the attached complaint and documents similarly fails to establish any basis for jurisdiction in this matter. Her complaint, which names seventeen defendants, appears to be premised on an individual marrying plaintiff for immigration benefits, however the connection between the allegations and the defendants is difficult to decipher. (See id. at 20-26.) Regardless, plaintiff entirely fails to address or assert any basis of jurisdiction, and her complaint therefore must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Findings and Recommendations filed September 4, 2020 (ECF No. 4) are WITHDRAWN.

Dated: October 6, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.1154.ifplta