1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JANAVI SHARMA,                              No.  2:20-cv-01154-JAM-CKD PS

12                 Plaintiff,

13          v.                                   ORDER & FINDINGS AND
                                                 RECOMMENDATIONS
14   JAFFAR HUSSAIN, et al.,

15                 Defendants.

16

17          Plaintiff is pro se and proceeding in this action in forma pauperis under 28 U.S.C. § 1915.[1]

18   Plaintiff's first two complaints were dismissed with leave to amend.  (ECF Nos. 3, 9.)  Before the

19   court is plaintiff's second amended complaint ("SAC") for re-screening pursuant to 28 U.S.C.

20   § 1915(e)(2).[2]  (ECF No. 12.)

21          The federal in forma pauperis statute, section 1915, authorizes federal courts to dismiss a

22   case if the action is (i) legally "frivolous or malicious," (ii) fails to state a claim upon which relief

23   may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief.

24   28 U.S.C. § 1915(e)(2).

25   _____

26   [1] This action was referred to the undersigned by Local Rule 302(c)(21).
     [2] On December 23, 2020, plaintiff also filed a third amended complaint.  (ECF No. 14.)  That
27   complaint was filed without leave of court, and although it almost exactly mirrors the SAC it does
     not include the narrative statement of the claim.  Accordingly, the court limits its assessment to
28   the properly filed and more comprehensive SAC (ECF No. 12).

1     In addition, federal courts have an independent duty to assess whether federal subject matter

2   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

3   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Rains v. Criterion Sys., Inc., 80 F.3d

4   339, 342 (9th Cir. 1996).  The court must sua sponte dismiss the case if, at any time, it determines that

5   it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  A federal district court generally has

6   original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising

7   under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

8   citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

9     Plaintiff has now filed three complaints in this action, none of which establish this court's

10   subject matter jurisdiction, despite repeated instructions on how she might do so.  The SAC

11   names fifteen defendants all of whom allegedly either aided the primary defendant, Jaffar

12   Hussain, in marrying her solely for immigration benefits or harassed her in assorted personal and

13   business endeavors.  (ECF No. 12 at 3-15.)  All three complaints assert federal question as the

14   basis for jurisdiction in this matter, but the only federal sources of law plaintiff has ever cited in

15   her various pleadings are statutes that do not confer jurisdiction over this action.  The SAC lists as

16   the basis for jurisdiction the same series of federal statutes listed in the original complaint.

17   (Compare ECF No. 12 at 9 with ECF No. 1 at 9.)  These citations range from 8 U.S.C. § 1227

18   (deportable aliens), and 2 U.S.C. § 1331 (providing certain rights to congressional employees), to

19   multiple sections of the U.S. criminal code, and the Fair Housing Act.  (ECF No. 12 at 9.)  As

20   plaintiff was informed when the undersigned dismissed the original complaint, none of these

21   statutes provide this court with jurisdiction over the instant action.  (See ECF No. 3 at 3.)

22   Criminal and immigration statutes do not provide jurisdiction over civil complaints like this one.

23   See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  And the civil statutes cited

24   have no application to the events plaintiff has described to the court—which do not involve

25   claims by a congressional employee or claims related to discrimination in seeking or providing

26   residential housing.

27     Even construing the SAC as attempting to bring state-law claims against defendants, the

28   court would not have jurisdiction over such claims because there is no diversity of citizenship:

2

1  plaintiff and all defendants (save one whose address is listed as "unknown") reside in the same

2  state, California.  (ECF No. 12 at 3-7.)

3       Despite repeated opportunities to establish this court's jurisdiction to hear this case,

4  plaintiff has failed to do so.  Because plaintiff continues to file only slightly different versions of

5  the same pleadings in her attempts to amend, the court concludes that granting further leave to

6  amend would be futile.

7       Accordingly, IT IS HEREBY RECOMMENDED that:

8       1.   This action be DISMISSED for lack of subject matter jurisdiction; and

9       2.   The Clerk of Court be directed to close this case.

10      These findings and recommendations are submitted to the United States District Judge

11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

12 being served with these findings and recommendations, plaintiff may file written objections with

13 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

14 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

15 objections within the specified time may waive the right to appeal the District Court's order.

16 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17      In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

18 discovery, and motion practice in this action are stayed pending resolution of the findings and

19 recommendations.  Other than objections to the findings and recommendations or non-frivolous

20 motions for emergency relief, the court will not entertain or respond to any motions and other

21 filings until the findings and recommendations are resolved.

22      IT IS SO RECOMMENDED AND ORDERED.

23 Dated:  January 4, 2021

24                                              _____
                                                CAROLYN K. DELANEY
25                                              UNITED STATES MAGISTRATE JUDGE

26

27 19.1154.shar

28

3